**In the Matter of BEAUCREST REALTY ASSOCIATES, Debtor.**

**Bankruptcy No. 180–00422/19.**

United States Bankruptcy Court, E. D. New York.

April 29, 1980.

See also, Bkrtcy., 4 B.R. 166.

Stroock & Stroock & Lavan, New York City, for debtor; William J. Lowy, John F. Scheffel, New York City, of counsel.

Marcus & Angel, New York City, for petitioning creditors; Albert Togut, Joshua J. Angel, New York City, of counsel.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for Jamaica Savings Bank; Edward S. Cowen, New York City, of counsel.

## DECISION AND MEMORANDUM OF LAW ON THE APPOINTMENT OF AN INTERIM TRUSTEE IN AN INVOLUNTARY CHAPTER 11 PROCEEDING

JOSEPH V. COSTA, Bankruptcy Judge.

Three creditors, secured in that they hold second mortgages on property of the debtor, filed an involuntary petition under Chapter 11 of the Code on January 28, 1980. The fact that they are secured creditors does not alter the conclusion reached herein since the same analysis, logic and legal conclusion applies regardless of their secured status. This court has previously passed upon the issues involved in this case and has concluded that it has no authority to appoint an interim trustee at this juncture of an involuntary Chapter 11 proceeding. *Frank and Warren, Inc.*, No. 180–00120 (E.D.N.Y., Record at 34, January 17, 1980); *Val Tobacco and Confections, Inc.*, No. 179–03142 (E.D.N.Y., Record at 50, October 24, 1979). Similarly this court has decided this application at the hearing on the request of the petitioners and placed on the record its

general interpretation of the law involved. This memorandum is the result of a request by the parties that the court issue a written memorandum decision.

The petitioning creditors, in this involuntary Chapter 11 case, have moved this court inter alia for the appointment of an interim trustee pursuant to 11 U.S.C. § 1104(a) (1979). Section 1104(a) provides that "[a]t any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee . . . ." 11 U.S.C. § 1104(a) (1979). This statutory provision makes no mention of an interim trustee. An examination of the provisions governing involuntary cases clearly indicates that an interim trustee cannot be appointed in an involuntary Chapter 11 case.

11 U.S.C. § 303 (1979), which governs involuntary cases, provides in subsection (f) that until an order for relief is entered "any business of the debtor may continue to operate . . . as if an involuntary case concerning the debtor had not been commenced." The debtor is to remain in possession of its property and operate its business until the order for relief. Unlike voluntary cases where the filing of the petition constitutes the order for relief, the order for relief in involuntary cases is entered only if the petition is not successfully or timely controverted. During this gap period, the court may, however, control the debtor's powers by appropriate orders "such as where there is a fear that the debtor may attempt to abscond with assets, dispose of them at less than their fair market value, or dismantle his business, all to the detriment of the debtor's creditors." The court may, therefore, by order after notice and hearing impose certain restrictions on the activities of the debtor without unduly restricting the business. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 323 (1977); Senate Rep. No. 95–989, 95th Cong., 2d Sess. 33 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Thus, the result obtained under § 303(f) is a balancing of the interests of the debtor with those of the creditors. The

creditors have a remedy against any adverse actions on the part of the debtor during the period preceding the order for relief. The legislative history suggests circumstances where such orders may be appropriate. These circumstances are similar in nature to those specified in § 1104(a)(1) which authorizes the appointment of a trustee or examiner. It would be an anomaly for Congress to have intended that § 1104(a) would provide for the appointment of an interim trustee under the same circumstances which necessitate court orders under § 303(f). The absence of a statutory provision for the appointment of an interim trustee in an involuntary Chapter 11 case was not a mere congressional oversight but rather a deliberate omission.

The only statutory provision with respect to the appointment of an interim trustee in an involuntary case is § 303(g) which pertains exclusively to involuntary Chapter 7 proceedings. 11 U.S.C. § 303(g) (1979). Section 303(g) provides that "[a]t any time after the commencement of an involuntary case *under Chapter 7* of this title but before an order for relief . . . the court . . . may appoint an interim trustee under Section 701 of this title . . . ." (Emphasis supplied) Section 701 governs the appointment of interim trustees under Chapter 7. Clearly the fact that Congress made two specific references to Chapter 7 supports the conclusion that § 303(g) does not authorize a Chapter 11 interim trustee as well as the conclusion that Congress was aware of the fact that it omitted any reference to Chapter 11. There is no analogous provision under Chapter 11 to that contained in § 701. An entire statutory scheme provided under Chapter 7 is conspicuously absent under Chapter 11. Therefore, to infer such a provision as do the petitioners is to do violence to sound statutory construction.

A brief recognition of the statutory effect of the filing of a petition under Chapter 7 and Chapter 11 indicates that Congress intentionally distinguished between the two chapters with respect to the provision for the appointment of an interim trustee. Under Chapter 7, title to all the debt-

or's property passes to the interim trustee while under Chapter 11 title does not pass to a trustee upon appointment but rather his powers are delineated by statute and the order of appointment.

The petitioners' argument is based upon an inference which has no statutory support and therefore their request for the appointment of an interim trustee is hereby denied.

THIS IS AN ORDER.